# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS E. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:13-CV-325 |
| ) | |
| ST. JOSEPH COUNTY JAIL, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the amended complaint filed pursuant to 42 U.S.C. § 1983 by Marcus E. Henderson, a *pro se* prisoner, on August 7, 2014. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

On February 23, 2013, Henderson was an inmate at the Saint Joseph County Jail. While there, he was told by a nurse and a guard that if he did not take a tuberculosis (TB) skin test, that he would be placed in solitary confinement. Though he wanted to speak to a supervisor, to see documentation in writing, and to speak to his attorney before agreeing to take the test, he agreed to take it immediately because he did not want to be put in solitary confinement. After the test, he was given a paper stating that he was allowed 30 days of free medical treatment at the jail. As a

result, he saw a doctor and obtained two prescriptions. Two weeks later, he was charged for those services and the funds were deducted from his inmate trust account.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Henderson objects to having been "coerced" into taking the TB test by being told that if he refused, he would be placed in solitary confinement. Tuberculosis is a communicable disease that can be fatal. Tuberculosis, Centers for Disease Control and Prevention, http://www.cdc.gov/tb/topic/basics/default.htm. For this reason, the CDC recommends segregating inmates in correctional

facilities until they have been screened for tuberculosis. Prevention and Control of Tuberculosis in Correctional and Detention Facilities: Recommendations from CDC (revised June 22, 2006), http://www.cdc.gov/mmwr/preview/mmwrhtml/rr5509a1.htm.

Because of the medical risks posed by exposing others to an infected inmate, courts have found that such testing is not unconstitutional. "[T]uberculosis can be a serious problem in prisons. If allowed to spread it can result in highly undesirable situations." *Forbes v. Edgar*, 112 F.3d 262 (7th Cir. 1997). "Effective disease control requires systematic skin testing . . . ." *McCaster v. Clausen*, 684 F.3d 740 (8th Cir. 2012). "Prisons are high risk environments for tuberculosis infection. Thus, screening and control measures are necessary to prevent outbreaks." *DeGidio v. Pung*, 920 F.2d 525 (8th Cir. 1990) (footnote omitted). "We have recognized that prison officials must test prisoners for tuberculosis . . . in order to prevent widespread infection." *Lee v. Armontrout*, 991 F.2d 487 (8th Cir. 1993). *See also McCormick v. Stalder*, 105 F.3d 1059 (5th Cir. 1997) (upholding forced treatment for TB); *Africa v. Horn*, 998 F. Supp. 557 (E.D. Pa. 1998) (upholding the requirement that inmates either take the TB test or remain in segregated housing for 12 months); *Westbrook v. Wilson*, 896 F. Supp. 504 (D. Md. 1995) (upholding placing inmates on medical segregation if they refused TB testing); *Ballard v. Woodard*, 641 F. Supp. 432 (W.D. N.C. 1986) (upholding forced TB

testing); *Hasenmeier-McCarthy*, 986 F. Supp. 464 (upholding forced TB testing). Though courts have raised concerns where the objection to the TB test was based on a sincerely held religious belief or where the inmate had been subjected to extended and severe deprivations for refusing the test, *see Williams v. Greifinger*, 97 F.3d 699 (2d Cir. 1996) and *Jolly v. Coughlin*, 76 F.3d 468 (2d Cir. N.Y. 1996), the complaint here does not raise either concern in this case. Therefore Henderson was not denied his Constitutional rights when he was told that he either had to take the TB test or he would be placed in segregation.

Next, Henderson objects to being charged for medical treatment after he was told that it would be free. In effect, he alleges that they tricked him and stole his money. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) and *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Because the State of Indiana provides Henderson with a means to obtain redress for

his loss, he has not been denied due process and does not state a claim for a violation of the Fourteenth Amendment.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: August 15, 2014**                    /s/RUDY LOZANO, Judge
                                              **United State District Court**